UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| DARNELL WESLY MOON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:17-cv-125 SNLJ |
| NED BOYD, et al., | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This closed civil matter is before the Court upon Darnell Moon's post-judgment motion titled "Motion for Order Regarding 28 U.S.C. 1915(g) Designation." (ECF No. 35). The motion will be denied.

### Background

Moon initiated this action on August 7, 2017 by filing a prisoner civil rights complaint against a United States Marshal, the Dunklin County Justice Center, and jail officials. He filed a motion seeking leave to proceed *in forma pauperis*. Upon review of the motion, the Court determined that Moon had accumulated three "strikes" as defined in 28 U.S.C. § 1915(g). On October 10, 2017, the Court entered an order denying Moon's motion, and dismissing the case without prejudice to the filing of a fully-paid complaint. The Court counted the following cases as strikes under 28 U.S.C. § 1915(g): *Moon v. United States of America*, 1:09-cv-0006-RWS (E.D. Mo.); *Moon v. National Asset Recovery Services, Inc.*, 4:09-cv-0117-DDN (E.D. Mo.); and *Moon v. National Recovery Services, Inc.*, 4:09-cv-1129-DDN (E.D. Mo.).

On December 13, 2017, Moon filed a Notice of Appeal in the United States Court of Appeals for the Eighth Circuit. He filed a motion for leave to proceed *in forma pauperis* on

appeal, which this Court denied on the basis of § 1915(g). On December 14, 2017, the Court of Appeals entered an order noting this Court's determination that Moon had three strikes under § 1915(g), and directing Moon to pay the appellate fees. Moon subsequently filed a motion for leave to proceed *in forma pauperis* on appeal with the Court of Appeals. On October 4, 2018, the Court of Appeals entered an order denying Moon's motion and dismissing his appeal.

Moon filed the instant motion on April 15, 2021. He asks this Court to vacate its October 10, 2017 order denying him leave to proceed *in forma pauperis* and dismissing his case. In support, Moon contends this Court should not have counted *Moon v. National Asset Recovery Services, Inc.*, 4:09-cv-0117-DDN and *Moon v. National Recovery Services, Inc.*, 4:09-cv-1129-DDN as strikes.

Moon writes:

> The plaintiff was recently made aware, that he does not have three-strikes, and in fact, plaintiff has only one strike. In Moon v. Dodrill, et. al, appeal number 20-2603 (7th Circuit order of 11/20/2020), the 7th Circuit, in denying the plaintiff-appellant's motion to proceed IFP on appeal, noted that the plaintiff does not have three-strikes, under 28 USC 1915(g), because at least one of plaintiff's prior lawsuits should not have been assessed a strike, due to the fact it was dismissed, in part, on grounds not enumerated under 28 USC 1915(g). See Moon v. National Asset Recovery Services, et al, CASE 4:09-CV-00117-DDN (E.D. MO, 2/2/2009). That case was dismissed, in part, because plaintiff did not obtain a right to sue letter, pursuant to TITLE VII of the Civil Rights Act of 1964.
>
> . . .
>
> The Seventh-Circuit relied on its decision in Turley v. Gaetz, 625 F.3d 1005, 1012 (7th Cir. 2010), in deciding that that dismissal should not have counted as a strike.

(ECF No. 35 at 1). Moon further avers he has since independently reviewed his litigation history, and believes that for that same reason, *Moon v. National Recovery Services, Inc.*, 4:09-cv-1129-DDN should not count as a strike under 28 U.S.C. § 1915(g). Finally, Moon provides a list of cases he appears to believe are authorities supporting his arguments, but he does not clearly

2

explain how they support the conclusion that *Moon v. National Asset Recovery Services, Inc.*, 4:09-cv-0117-DDN and *Moon v. National Recovery Services, Inc.*, 4:09-cv-1129-DDN were erroneously counted as strikes.

**Discussion**

Moon did not frame the instant motion under the Federal Rules of Civil Procedure, but it is the functional equivalent of a motion filed pursuant to Rule 60(b). Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

"A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quotation omitted).

The Court will deny Moon's motion. First, the motion cannot be considered timely. Moon filed the motion more than three and one-half years after entry of the order from which he seeks relief. He therefore cannot seek relief for reasons (1), (2), or (3) of Rule 60(b). To the

3

extent Moon seeks relief for any other reason articulated in Rule 60(b), it cannot be said he filed the motion within a "reasonable time," as required. Fed. R. Civ. P. 60(c)(1). Moon avers he only recently became aware of the basis for the argument he asserts in his motion. However, as he acknowledges, that basis was set forth as early as 2010, and he makes no attempt to explain why he could not have discovered it sooner.

Even if the motion were timely, it would be denied because it fails to demonstrate entitlement to relief for reasons (1), (2), or (3), nor does it demonstrate "exceptional circumstances" that denied Moon a "full and fair" opportunity to litigate his claims and receive adequate redress, as required to seek relief for reason (6). *Holmes v. United States*, 898 F.3d 785, 792 (8th Cir. 2018) (quoting *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005)). As noted above, Moon relies upon an order entered by the Seventh Circuit Court of Appeals in the matter *Moon v. Dodrill, et al.*, No. 20-2603 (7th Cir. 2020), which in turn relied upon an opinion entered by the Seventh Circuit Court of Appeals in the matter *Turley v. Gaetz*, 625 F.3d 1005 (7th Cir. 2010). In the November 20, 2020 order entered in *Moon v. Dodrill, et al.*, the Court of Appeals wrote:

> The district court should not have assessed a strike for Moon v. Nat'l Asset Recovery Servs., Inc., No. 4:09CV00117 DDN, 2009 WL 248676 (E.D. Mo. Feb. 2, 2009), because at least some of Moon's claims in that case were dismissed on grounds not enumerated under § 1915(g). See Turley v. Gaetz, 625 F.3d 1005, 1012 (7th Cir. 2010).

The Court of Appeals provided no further explanation, and went on to determine that Moon was nevertheless barred from proceeding *in forma pauperis* and would face further sanctions if he continued to abuse the litigation system.

The November 20, 2020 order in *Moon v. Dodrill, et al.* is not precedent, and Moon's reliance upon *Turley v. Gaetz* is misplaced. In *Turley*, the Seventh Circuit determined that a

4

dismissal of some of a prisoner's claims on enumerated grounds does not result in a strike when other claims in the same action proceed to adjudication on their merits. *Turley*, 625 F.3d 1005. The *Turley* Court wrote: "Here we believe that the obvious reading of [28 U.S.C. § 1915(g)] is that a strike is incurred for an action dismissed *in its entirety* on one or more of the three enumerated grounds." *Id.* at 1008-09 (emphasis in original).

Both *Moon v. National Asset Recovery Services, Inc.*, 4:09-cv-0117-DDN and *Moon v. National Recovery Services, Inc.*, 4:09-cv-1129-DDN were dismissed in their entirety based upon one or more of the grounds set forth in 28 U.S.C. § 1915(g). None of Moon's claims survived initial review, much less proceeded to consideration on their merits. It therefore cannot be said that *Turley v. Gaetz* supports Moon's arguments. Moreover, *Moon v. National Asset Recovery Services, Inc.*, 4:09-cv-0117-DDN and *Moon v. National Recovery Services, Inc.*, 4:09-cv-1129-DDN have been counted as strikes by this United States District Court in this action and others, and by district courts in other jurisdictions as well. *See, e.g., Moon v. Missouri Division of Employment Security*, No. 2:09-cv-4140-NKL (W.D. Mo.); *Moon v. Lockett, et al.*, No. 2:12-cv-72 JMS-WGH (S.D. In.); *Moon v. Samuels*, No. 3:15-cv-861-JPG-SCW (S.D. Ill.); *Moon v. Rivas*, No. 3:15-cv-890-JPG-DGW (S.D. Ill.); and *Moon v. Salazar*, No. 3:19-cv-1355-MK (D. Or.) (citing *Moon v. Walton*, 2016 WL 3440585, at *1 & n. 3 (S.D. Ill.)). Moon does not explain why he believes any of the other case law he cites supports his arguments. This Court will therefore not analyze those cases.

Finally, Moon has, while incarcerated, filed at least four other cases that count as strikes under 28 U.S.C. § 1915(g). *See Moon v. United States of America*, 1:09-cv-0006-RWS (E.D. Mo.); *Moon v. Doerge, et al.*, 1:15-cv-142-SNLJ (E.D. Mo.); *Moon v. Unterreiner, et al.*, No. 1:15-cv-160 SNLJ (E.D. Mo.); and *Moon v. USA*, No. 1:15-cv-210-SNLJ (E.D. Mo.). Moon is

therefore subject to 28 U.S.C. § 1915(g) regardless of whether *Moon v. National Asset Recovery Services, Inc.*, 4:09-cv-0117-DDN and *Moon v. National Recovery Services, Inc.*, 4:09-cv-1129-DDN are counted as strikes.

Accordingly,

**IT IS HEREBY ORDERED** that Moon's "Motion for Order Regarding 28 U.S.C. 1915(g) Designation" (ECF No. 35) is **DENIED**.

Dated this 28th day of June, 2021.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE